[Civ. No. 2810. Second Appellate District, Division One.—December 17, 1918.]

GEORGE H. OSWALD, Petitioner, v. W. A. SLOANE, as Judge, etc., Respondent.

ROAD IMPROVEMENT BONDS—MANDAMUS TO COMPEL DELIVERY—WHEN NOT MAINTAINABLE.—Where after a *mandamus* proceeding in the superior court to compel a county treasurer to deliver to the petitioner certain road improvement bonds which were claimed to be the property of the petitioner, an appeal was taken from the judgment awarding a part of the bonds to certain interveners, and thereafter, pursuant to an order of the court all of the bonds were delivered by the treasurer to the county clerk to hold until the final determination of the action, a writ of mandate will not lie, in view of the provisions of section 943 of the Code of Civil Procedure, to compel the court to make an order commanding the county clerk to deliver to the petitioner the portion of the bonds not included in those claimed by the interveners.

APPLICATION for a Writ of Mandate originally made to the District Court of Appeal for the Second Appellate District to compel the superior court to order the delivery of road improvement bonds. Alternative writ discharged and proceeding dismissed.

The facts are stated in the opinion of the court.

Crouch & Chambers for Petitioner.

No appearance for Respondent.

CONREY, P. J.—In response to the petition herein, an alternative writ of mandate was issued. On the return day it appeared that no answer was made by the respondent, and on motion of the petitioner the matter has been submitted, on which we must determine whether the writ should be made peremptory.

The facts, as they appear from the petition, are as follows: The petitioner applied to the superior court of San Diego County for a writ of mandate directing the county treasurer of San Diego County to deliver to petitioner certain road improvement bonds to the amount of $66,550, which were claimed to be the property of petitioner. The treasurer, by his answer, admitted that he held the bonds and had no claim thereon, but alleged that portions of the same were claimed by various persons and corporations, and asked that the court adjudicate and determine to whom he should deliver them. One Granger intervened and prayed for delivery to him of $30,420.76 of the bonds, and Pacific Metal Products Company intervened and prayed for delivery to it of four thousand five hundred dollars of said bonds. After trial, the court, by its judgment, awarded the bonds to said parties as follows: To petitioner, in the amount of $38,889.16; to Granger, in the amount of $23,160.84; to Pacific Metal Products Company, in the amount of four thousand five hundred dollars; and ordered that Schwartz, the county treasurer, deliver to said parties, respectively, the said amounts of bonds. Petitioner appealed from that judgment and Granger appealed from that part of the judgment which awarded four thousand five hundred dollars of the bonds to the Pacific Metal Products Company. Pursuant to an order subsequently made by the

39 Cal. App.—13

superior court, the county treasurer delivered all of the bonds to the county clerk to have custody thereof and keep the same until the final determination of that action. Thereafter petitioner moved the superior court for an order commanding the county clerk to deliver to petitioner that portion of the bonds not included in the amounts of bonds claimed by the interveners. The court refused to grant that motion, basing its refusal upon the ground that it had no jurisdiction to make such order, because of the said appeals to the supreme court. As the point has not been mentioned by counsel, we have not considered the question whether conflicting claims to personal property may be determined in a *mandamus* proceeding.

Section 943 of the Code of Civil Procedure provides that "if the judgment or order appealed from direct the assignment or delivery of documents or personal property, the execution of the judgment or order cannot be stayed by appeal, unless the things required to be assigned or delivered be placed in the custody of such officer or receiver as the court may appoint, . . . " The delivery of the bonds disposed of by the judgment in the court below appears to have been made to the clerk by order of the court, in accordance with the above stated provisions of section 943. The necessary effect of the delivery so made was to stay the enforcement of the judgment, the same as where a required stay bond has been given. This being so, the court was not authorized to grant appellant's motion.

The alternative writ is discharged and the proceeding dismissed.

James, J., and Myers, J., *pro tem.*, concurred.